UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| JESSIE SHELTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:14-CV-321 |
| ) | |
| UNICOI COUNTY, TENNESSEE, *et al.*, ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM OPINION AND ORDER

The plaintiff filed this section 1983 action arising out of the plaintiff's arrest following a traffic stop. The individual capacity defendants have moved for summary judgment, [Doc. 18], based upon qualified immunity. The plaintiff has responded, [Doc. 23]. In addition, Defendant Sheriff Hensley, in his official capacity, and Defendant Unicoi County moved for summary judgment, [Doc. 31], to which the plaintiff responded, [Doc. 36]. The matters are ripe for review. For the reasons, that follow, the defendants' motions are GRANTED.

**I. FACTS**

The facts taken in the light most favorable to the plaintiff are set forth below.[1] On May 25, 2014, at approximately 2:50 a.m., Deputy Nicholas Wyatt was patrolling Unicoi County in his cruiser with Reserve Officer Carroll Mumpower riding as a passenger. Declaration of Nicholas Wyatt (hereinafter "Wyatt Dec."), ¶ 4. They encountered a vehicle proceeding in the opposite direction which was across the center line in their lane of travel. Wyatt Dec., ¶ 5. Deputy Wyatt was able to pass the vehicle without a collision, and then turned the

---

[1] Many of the facts are taken verbatim from the defendants' statement of undisputed facts, [Doc. 19], for the plaintiff admitted the facts in their entirety. In addition, many of plaintiff's additional facts are noted by the Court but not included in the Memorandum Opinion and Order because they are not material to disposition.

cruiser around to pursue the vehicle. Wyatt Dec., ¶¶ 6, 7. While following the vehicle, Deputy Wyatt and Officer Mumpower observed the vehicle cross the center line several times and observed that the vehicle was speeding up and slowing down. Wyatt Dec., ¶ 8; Deposition of Jessie Shelton, p. 107. Deputy Wyatt was suspicious that the driver of the vehicle was under the influence of drugs or alcohol and initiated a traffic stop. Wyatt Dec., ¶ 10.

The plaintiff, Jessie Shelton, was the driver of the vehicle. Wyatt Dec., ¶ 12. He was traveling to work before being pulled over. Deposition of Jessie Shelton, p. 78. Mr. Shelton was 39 years old when he first obtained a license, and he cannot read or write. Deposition of Jessie Shelton, pp. 18 and 25. Mr. Shelton's car was in need of mechanical work, including work on the steering. Deposition of Jessie Shelton, p. 106. Mr. Shelton passed the field sobriety tests. Deposition of Carroll Mumpower, p. 13. However, Mr. Shelton's driver's license expired on March 9, 2014, and he had not renewed it as of the time of the traffic stop on May 24, 2014. Wyatt Dec., ¶ 18; Deposition of Jessie Shelton, pp. 126- 27.

The officers informed Mr. Shelton that his license had expired and asked if there was anyone he could call to come and get him and his car because they could not leave him and his car on the side of the road. Wyatt Dec., ¶ 21; Deposition of Jessie Shelton, pp. 95 and 108. Mr. Shelton informed the officers that he did not have a phone or know anyone's number. Deposition of Jessie Shelton, p. 108. Mr. Shelton asked if the officers could take him to work. Deposition of Jessie Shelton, pg. 111. After consulting with his supervisor, Sgt. Borkgrevick, Deputy Wyatt arrested Mr. Shelton for driving without a valid license and charged him with a violation of T.C.A. § 55-50-301. Wyatt Dec., ¶ 24. Mr. Shelton's vehicle was towed from the scene. Wyatt Dec., ¶ 24. Shortly after booking, Mr. Shelton was bonded out and the bail bondsman drove him from the jail to his employment. Deposition of Jessie Shelton, pp. 119-20.

2

Case 2:14-cv-00321-JRG-MCLC   Document 43   Filed 05/23/16   Page 2 of 11   PageID #: 358

As of the date of this incident, May 25, 2014, Deputy Wyatt had all of the training required to be certified by the State of Tennessee as a law enforcement officer, which included training in the proper determination of probable cause. This certification is referred to as being "POST-certified". Ex. A, Declaration of Sheriff Michael K. Hensley, ¶¶ 6-7. Deputy Wyatt's POST training also included training about arrestable and citable offenses. Ex. B, Wyatt deposition, pp. 7-8.

At Mr. Shelton's court appearance, Sheriff Hensley brought Mr. Shelton's license before the judge, and the judge dropped the charges. Deposition of Jessie Hensley, pp. 60-61.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is proper where Αthe pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law.@ Fed. R. Civ. P. 56(c). In ruling on a motion for summary judgment, the Court must view the facts contained in the record and all inferences that can be drawn from those facts in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis, Inc.*, 253 F.3d 900, 907 (6th Cir. 2001). The Court cannot weigh the evidence, judge the credibility of witnesses, or determine the truth of any matter in dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The moving party bears the initial burden of demonstrating that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To refute such a showing, the non-moving party must present some significant, probative evidence indicating the necessity of a trial for resolving a material factual dispute. *Id.* at 322. A mere scintilla of evidence is not enough. *Anderson*, 477 U.S. at 252; *McClain v. Ontario, Ltd.*, 244 F.3d 797, 800

3

Case 2:14-cv-00321-JRG-MCLC   Document 43   Filed 05/23/16   Page 3 of 11   PageID #: 359

(6th Cir. 2000). This Court's role is limited to determining whether the case contains sufficient evidence from which a jury could reasonably find for the non-moving party. *Anderson*, 477 U.S. at 248-49; *Nat'l Satellite Sports*, 253 F.3d at 907. If the non-moving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323. If this Court concludes that a fair-minded jury could not return a verdict in favor of the non-moving party based on the evidence presented, it may enter a summary judgment. *Anderson*, 477 U.S. at 251-52; *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).

The party opposing a Rule 56 motion may not simply rest on the mere allegations or denials contained in the party's pleadings. *Anderson*, 477 U.S. at 256. Instead, an opposing party must affirmatively present competent evidence sufficient to establish a genuine issue of material fact necessitating the trial of that issue. *Id.* Merely alleging that a factual dispute exists cannot defeat a properly supported motion for summary judgment. *Id*. A genuine issue for trial is not established by evidence that is Amerely colorable, or by factual disputes that are irrelevant or unnecessary. *Id.* at 248-52.

## III. ANALYSIS

### A. Qualified Immunity

The defendants claim that they are entitled to qualified immunity for the alleged Fourth and Fourteenth Amendment violations.

> In determining an officer's entitlement to qualified immunity [this Court] follow[s] a two-step inquiry.[2] *Saucier v. Katz*, 533 U.S. 194, 201-02, 121 S. Ct. 2151, 150 L. Ed. 2d 272 (2001). First, taken in the light most favorable to the plaintiff, [the Court] decide[s] whether the facts alleged show the officer's conduct

---

[2] The Supreme Court has held that the *Saucier* approach is no longer mandatory, and the district courts can elect to decide the second issue without determining whether a constitutional violation actually occurred. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). This Court will use the two step approach of *Saucier*.

4

> violated a constitutional right. *Id*. at 201. If no constitutional right would have been violated were the plaintiff's allegations established, there is no need for further inquiry into immunity. If a violation can be made out on a favorable view of the plaintiff's submissions, [the Court] next ask[s] whether the right was clearly established. *Id*.

*Vakilian v. Shaw*, 335 F. 3d 509, 516-17 (6th Cir. 2003). In general, government officials performing discretionary functions are shielded "from civil damages liability as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated." *Anderson v. Creighton*, 483 U.S. 635, 638 (1987). "[A]ll but the plainly incompetent or those who knowingly violate the law" are protected by qualified immunity. *Malley v. Briggs*, 475 U.S. 335, 341 (1986). The relevant question for the Court regarding whether the right was clearly established is not the subjective intent of the defendant, but whether a reasonable officer would have believed the defendant's conduct to be lawful, in light of the clearly established law and information possessed by the defendant. *Anderson*, 43 U.S. at 640.

### 1. Whether there was a constitutional violation?

The first step in the analysis is to determine whether the facts alleged, when taken in the light most favorable to the plaintiff, show that the officers' conduct violated a constitutional right. The Court finds that the case should be analyzed under the Fourth Amendment.[3] The plaintiff concedes that the officers had reasonable suspicion and probable cause to make the initial seizure in pulling over Mr. Shelton and investigating. [Doc. 25, pg. 2]. Further, the plaintiff never disputes that probable cause existed to charge Mr. Shelton with a violation of Tennessee Code Annotated section 55-50-301(a)(1), for the plaintiff never disputes that Mr. Shelton's license had expired. The plaintiff does not dispute that an expired license is not valid driver's license. *See* Tenn. Code Ann. § 55-50-305. Finally, the plaintiff does not dispute that a

---

[3] The plaintiff asserts that the Fourteenth Amendment applies. However, the plaintiff has failed to provide the Court with any authority to establish a basis for applying the Fourteenth Amendment. As such, that claim is dismissed.

5

person driving on an expired license is subject to the same penalties as someone who has never been licensed.

Instead, the plaintiff argues that the officers violated Mr. Shelton's constitutional rights because he was arrested instead of cited for the criminal offense. Despite the plaintiff's attempts to distinguish *Virginia v. Moore*, 553 U.S. 164 (2008), this Court finds it applicable and controlling. In that case, the Supreme Court specifically held that officers did not violate the Fourth Amendment when they had probable cause and arrested a man for driving on a suspended license even though Virginia law did not allow arrest for that offense. *Id*. at 176.

Here, even if a violation of section 55-50-301(a)(1) mandated citation instead of arrest, the Supreme Court has held that an arrest is not a violation of the Fourth Amendment. Thus, that ends the inquiry. However, the Court will address the matter further.

The defendants argue that Tennessee law does not mandate a citation instead of an arrest for a violation of section 55-50-301(a)(1). The defendant cites several Code sections to support its claim. The plaintiff has not addressed these arguments by the defendants. *See Brown v. VHS of Michigan, Inc.*, 545 F. App'x 368, 372 (6th Cir. 2013) ("This Court's jurisprudence on abandonment of claims is clear: a plaintiff is deemed to have abandoned a claim when a plaintiff fails to address it in response to a motion for summary judgment."). Thus, the Court adopts the defendants' undisputed position that this was an arrestable offense and there was no Fourth Amendment violation.

### 2. Whether there was a violation of a clearly established right?

Because the first prong of the analysis is not met, this Court need not address the second prong. However, the Court will do so briefly. The defendants argue that even if there is a genuine issue of fact as to whether the officers violated Mr. Shelton's constitutional rights, they

6

are still entitled to qualified immunity because there was no violation of a clearly established right. In other words, the officers here are entitled to qualified immunity unless the law was so clearly established that reasonable officers would have known that the arrest instead of citation violated Mr. Shelton's constitutional rights. The plaintiff has failed to cite to any such case, and the Court has not found any case in which an officer has been found to have violated a person's constitutional rights by arresting a person for a traffic offense instead of issuing a citation or summons. Actually, *Virginia v. Moore*, states just the opposite. Therefore, there is no clearly established law that would put these defendants on notice that their conduct could be considered unconstitutional. As such, they are entitled to qualified immunity, and their motion is GRANTED.

**B. Failure to Train and Policy or Practice of Unconstitutional Arrests**

The plaintiff sued Unicoi County for allegedly failing to train and for allegedly having a policy or practice of unconstitutional arrests. To establish liability under § 1983, a plaintiff must demonstrate that (1) he was deprived of a right secured by the Constitution or laws of the United States, and (2) he was subjected or caused to be subjected to this deprivation by a person acting under color of state law. *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (citing *Flagg Bros. v. Brooks*, 436 U.S. 149, 155 (1979)). Suits against defendants in their official capacities as county employees are essentially suits against the county. *See Fox v. Van Oosterum*, 176 F.3d 342, 347-48 (6th Cir. 1999) (citing *Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Monell v. Dep't of Social Services*, 436 U.S. 658, 690 n. 55 (1978)); *see also Scott*, 205 F.3d at 879 n. 21. Thus, the suit against Sheriff Hensley in his official capacity is a suit against Unicoi County.

It is firmly established that a municipality, or as in this case a county, cannot be held liable under § 1983 for an injury inflicted solely by its employees or agents. *Monell*, 436 U.S. at

7

694.  To prevail, the plaintiff must show that the alleged federal rights violation occurred because of a municipal policy or custom.  *Id*.  In addition, absent an underlying constitutional violation, a county or municipality cannot be found liable.  *Hubbard v. Gross*, 199 Fed. App'x 433, 442 (6th Cir. 2006); *see also Watkins v. City of Battle Creek*, 273 F.3d 682, 687 (6th Cir. 2001).

In showing that a federal rights violation occurred because of a policy or custom, the plaintiff "must also demonstrate that, through its deliberate conduct, the municipality was the 'moving force' behind the alleged injury.  That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights."  *Cherrington v. Skeeter*, 344 F.3d 631, 645 (6th Cir. 2003).

A plaintiff may look to four different avenues to prove the existence of a municipality's illegal policy or custom:  (1) the municipality's legislative enactments or official agency policies; (2) actions taken by officials with final decision-making authority; (3) a policy of inadequate training or supervision; or (4) a custom of tolerance or acquiescence of federal rights violations.  *Monell*, 436 U.S. at 694.  Inadequate training may serve as the basis for liability "only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact."  *City of Canton v. Harris*, 489 U.S. 378, 388 (1989); *Cherrington*, 344 F.3d at 646.  Specifically, "[t]o succeed on a failure to train or supervise claim, the plaintiff must prove the following:  (1) the training or supervision was inadequate for the tasks performed; (2) the inadequacy was the result of the municipality's deliberate indifference; and (3) the inadequacy was closely related to or actually caused the injury."  *Ellis ex rel. Pendergrass v. Cleveland Mun. Sch. Dist.*, 455 F.3d 690, 700 (6th Cir. 2006).

First, because this Court has found there is no underlying constitutional violation, then the County cannot be held liable. Second, the defendant is correct in that the plaintiff failed to properly develop or support their arguments, and they are waived. *See Star Transp., Inc. v. CSIR Enterprises, Inc.*, 409 F.Supp.2d 939, 951 (M.D. Tenn. 2006); *see also InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989), *cert. denied*, 494 U.S. 1091 (1990). Thus, the County's motion is GRANTED. Nonetheless, the Court will address the merits, albeit briefly.

Mr. Shelton cites to nothing in the record to establish any "pattern of conduct." Instead, he makes a conclusory argument. There is no evidence that Unicoi County received repeated complaints of constitutional violations by its officers. If conduct, even repeated conduct, never resulted in complaints of constitutional violations it would not provide notice to the County of the need for additional training.

The plaintiff also makes the "single incident" argument and argues that this single incident is sufficient to prove deliberate indifference. Again, the plaintiff fails to provide any support for this argument. In addition, for the County to be liable, there would have to be complete failure to train on an issue that clearly requires training. *See City of Canton*, 489 U.S. at 390. Deputy Wyatt and Sgt. Borchgrevink had all training required to be a POST-certified officer. This included training on probable cause and arrestable and citable offenses. The plaintiff argues that the officers failed to properly apply their POST training. Again, the plaintiff fails to cite any case to support this argument. This single incident argument fails because there was training that covered the incident in question.

Generally, the Sixth Circuit has defined a policy as one that affirmatively commands that a deprivation of constitutional rights occur. *See Highfill v. City of Memphis*, 425 Fed. App'x 470, 476 (6th Cir. 2011). A custom or practice is an acquiescence in a longstanding practice or

9

custom which constitutes the standard operating procedure of the local governmental entity. *Id*. Furthermore, to prove a practice or custom, the plaintiff must show that the "relevant practice [must be] so widespread as to have the force of law." *Board of County Com'rs of Bryan County, Okl., v. Brown*, 520 U.S. 397, 404 (1997). In addition, "[a] custom . . . must be so permanent and well settled as to constitute a custom or usage with the force of law." *Doe v. Claiborne County Tenn.*, 103 F.3d 495-507-08 (6th Cir. 1996) (quotation marks omitted).

Here, there is no evidence cited by the plaintiff and none found by this Court in reviewing the record that Unicoi County adopted a policy of arresting persons for only citable offenses. In addition, there is no evidence in the record of prior instances of any person being arrested for an offense that was only a citable offense. Because there is no instance in the record of anyone being arrested under such circumstances, there is certainly no evidence that this was a widespread practice of Unicoi County. Finally, based on *Virginia v. Moore*, such arrests do not violate the Fourth Amendment.

The plaintiff also alleges without support that the defendant had a policy of telling an individual he was being arrested for one thing and then arresting him for something else. The plaintiff complains this happened here, i.e. that Mr. Shelton was told he was being arrested for driving under the influence but he was actually arrested for driving without a valid license.

Again, the plaintiff fails to properly cite to the record to support this argument. In addition, the Fourth Amendment analysis is whether there was probable cause to arrest. It is not a constitutional violation to arrest someone for a charge for which there was no probable cause as long as there was probable cause to arrest for some offense. *See Devenpeck v. Alford*, 543 U.S. 146 (2004).

## IV. CONCLUSION

For the reasons set forth above, the defendants' motions are GRANTED, [Docs. 18 and 31].

ENTER:

s/J. RONNIE GREER  
UNITED STATES DISTRICT JUDGE